IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02230-GPG

MAURICE WILSON,

    Applicant,

v.

THERESA COZZA-RHODES,

    Respondent.

---

ORDER VACATING THE ORDER TO FILE PRELIMINARY RESPONSE AND
DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant Maurice Wilson is a prisoner in the custody of the United States Bureau of Prisons, who currently is incarcerated at the United States Penitentiary in Florence, Colorado. Applicant initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

Upon review of the Docket in this case, the Court has determined that the Application fails to comply with Fed. R. Civ. P. 8. The Court, therefore, will vacate the November 23, 2015 Order to File Preliminary Response, and proceed to address the deficiencies in the § 2241 Application.

The Court must construe the Application liberally because Applicant is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d

1

1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110.

In the Nature of the Case section of the § 2241 form, Applicant states, "In a litany of disciplinary proceedings petitioner was denied due process and now sues for relief." ECF No. 1 at 2. Rather than state the claims he is raising on the form, Plaintiff refers the Court and Respondent to Page Seven of the Application, Attachment A, which is a laundry list of twenty-three items that apparently Applicant contends were the violations in each of the disciplinary actions that he is challenging. Applicant also has attached six pages, as Attachment B, of what appears to be a list of disciplinary actions that were brought against Applicant.

First, this Court reviews the Application under "the power inherent in every court to control of the disposition of the causes on its docket." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). It is unreasonable that this Court should consider the 71 disciplinary proceedings without further clarification by Applicant. *Id.*; *Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984) (Courts have "inherent power . . . to regulate their docket, promote judicial efficiency, and deter frivolous filings.").

Furthermore, the Federal Rules of Civil Procedure apply to applications for habeas corpus relief. See Fed. R. Civ. P. 81(a)(4); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ."

Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Applicant must allege specific facts in support of his claims to demonstrate that his federal constitutional rights have been violated.  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Applicant go beyond notice pleading.  *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977); *see* Rules Governing Section 2254 Cases, Rule 1(b) (The Rules Governing Section 2254 Cases apply to § 2241 actions).  He must allege specific facts to support each asserted claim.  Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Also, an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).  Habeas corpus relief is warranted only if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

The United States Constitution guarantees due process only when a person is to be deprived of life, liberty, or property.  *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).  Therefore, Applicant was entitled to procedural protections at the disciplinary hearings only if he was deprived of a liberty interest.  The existence of a liberty interest depends upon the nature of the interest asserted.  *See Sandin v. Conner*,

515 U.S. 472, 480 (1995).   A prisoner is not entitled to any procedural protections in the absence of a grievous loss.   See Morrissey v. Brewer, 408 U.S. 471, 481 (1972).

"I]t is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment."   Mitchell v. Maynard, 80 F.3d 1433, 1444 (10th Cir. 1996) (internal quotation marks omitted); see also Howard v. U.S. Bureau of Prisons, 487 F.3d 808, 811 (10th Cir. 2007) (citing Mitchell in the context of a federal prisoner challenging a prison disciplinary conviction).   To the extent the results of Applicant's disciplinary proceedings affected the execution or length of his sentence, he may have a liberty interest in the recalculation of his sentence, and he must be afforded the minimal safeguards provided for under the Due Process Clause of the Fourteenth Amendment. Howard v. U.S. Bureau of Prisons, 487 F.3d 808, 811 (10th Cir. 2007) (involving a federal inmate and violations of due process in his disciplinary proceeding) (citing Mitchell v. Maynard, 80 F.3d 1433, 1444 (10th Cir. 1996).

The Court has reviewed the list of disciplinary provided in Attachment B.   Not all of Applicant's disciplinary actions affected the execution or length of his sentence.   A due process claim regarding these actions is subject to dismissal on the merits.   See Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000) (followed § 2254(b)(2) in a § 2241 proceeding to allow a denial on the merits even if a claim is unexhausted).

Applicant, therefore, is directed to amend the Application, and identify only the disciplinary proceedings that affect the forfeiture or disallowance of good conduct time. Applicant further is directed to identify the disciplinary actions by report number in the

Application form, or attached pages, and state specifically for each report number how his due process rights were violated in each of the disciplinary proceedings. Accordingly, it is

ORDERED that the Order to File Preliminary Response, ECF No. 9, is vacated.   It is

FURTHER ORDERED that **within thirty days from the date of this Order** Applicant file an Amended Application that complies with the Order.   It is

FURTHER ORDERED that Applicant shall obtain the Court-approved form used in filing 28 U.S.C. § 2241 actions (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that if Applicant fails within the time allowed to file an Amended Application, as directed above, the action will be dismissed without further notice.

DATED March 4, 2016, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher

_____
United States Magistrate Judge